# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00089-CV

**KFW Management, LLC d/b/a KFW Engineers and KFW Surveying, LLC, Appellants**

**v.**

**SI-Creekside, Ltd d/b/a Sea Island Shrimp House, Appellee**

### FROM THE 274TH DISTRICT COURT OF COMAL COUNTY
### NO. C2017-1260C, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Petitioners KFW Management, LLC d/b/a KFW Engineers and KFW Surveying, LLC (KFW) filed a petition for permissive appeal challenging the trial court's denial of their motion for partial summary judgment. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d); Tex. R. App. P. 28.3.

When an interlocutory order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation," a trial court may permit an appeal from the interlocutory order, and we have discretion to accept the appeal. Tex. Civ. Prac. & Rem. Code § 51.014(d), (f); *see Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730–33 (Tex. 2019); *see also* Tex. R. App. P. 28.3 (establishing procedure for permissive appeals in civil cases).

In the underlying lawsuit, SI Creekside, Ltd. d/b/a Sea Island Shrimp House ("Sea Island") sued KFW, alleging that KFW failed to stake the construction of a restaurant as designed, causing the loss and relocation of parking spaces and relocation of signage. Sea Island alleged that the real property was permanently injured and sought damages for the diminution in value of the property, as well as for past and future lost profits and construction delays. KFW moved for partial summary judgment, arguing that the dispute involved permanent injury to real property, and therefore, damages were limited to only the diminution of property value. The trial court denied the motion, concluding that damages for a permanent injury to real property were not limited to diminution of value. The trial court also granted permission for an interlocutory appeal on a controlling issue of law described as follows:

> Does Texas law limit Plaintiff's recovery of damages for permanent injury to Plaintiff's real property to diminution of value of the property and bar the recovery of any damages for past and future loss of use, including past and future loss of profits?

The Supreme Court has expressly held that the measure of damages for permanent injury to real property is the diminution of the land's fair market value. *See, e.g.*, *ExxonMobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 540 (Tex. 2017). Courts of appeals have followed that lead. *See, e.g.*, *Ritenour v. Centrecourt Homeowners Ass'n, Inc.*, No. 01-20-00310-CV, 2022 WL 963268, at *4 (Tex. App.—Houston [1st Dist.] Mar. 31, 2022, no pet. h.) (mem. op.); *Kerr v. Lambert*, No. 03-19-00359-CV, 2020 WL 6266005, at *10 (Tex. App.—Austin Oct. 23, 2020, no pet.) (mem. op.). Based on the briefing and record before us, a substantial ground for difference of opinion does not exist on this controlling question of law. *See Undavia v. Avant Med. Group, P.A.*, 468 S.W.3d 629, 632 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Target*

2

*Corp. v. Ko*, No. 05-14-00502-CV, 2014 WL 3605746, at *1 (Tex. App.—Dallas July 21, 2014, no pet.) (mem. op.).

We therefore conclude that KFW did not establish the statutory requirements for a permissive appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014(d).

Accordingly, we deny KFW's petition for permissive appeal.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Filed: July 1, 2022

3